Anthony M. Solis, SBN 198580
A Professional Law Corporation
1055 West 7th Street, Suite 2140
Los Angeles, CA 90017
213-489-5880 - Phone
213-489-5923 - Fax
anth500@earthlink.net

Attorney for Defendant
LEONIDAS IRAHETA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. 07-1172(B)-DDP |
|---|---|---|
| Plaintiff, | ) | NOTICE OF MOTION AND MOTION FOR DISCOVERY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | ) | |
| SERGIO PANTOJA, et al., | ) | DATE: SEPT. 14, 2009 |
| Defendants. | ) | TIME: 3:00 p.m. |
|  | ) | PLACE: Courtroom 3 |
|  | ) | JUDGE: Hon. Dean D. Pregerson |

TO THE PLAINTIFF, UNITED STATES OF AMERICA, AND ITS ATTORNEYS: THOMAS P. O'BRIEN, UNITED STATES ATTORNEY, KEVIN M. LALLY, BRIAN R. MICHAEL AND NILI T. MOGHADDAM, ASSISTANT UNITED STATES ATTORNEYS.

PLEASE TAKE NOTICE THAT: on September 14, 2009 at 3:00 p.m. in the courtroom of the Hon. Dean D. Pregerson, Defendant LEONIDAS IRAHETA, by and through his counsel of record, ANTHONY M. SOLIS, will move and hereby does move, or an order compelling the government to make available to the defendant and his counsel for inspection and copying each of the following items which are in the possession of the government, or which can be obtained by the government in the exercise of reasonable diligence.

DATED: August 11, 2009        ANTHONY M. SOLIS,
                              A Professional Law Corporation

                              *ANTHONY M. SOLIS*
                              _____
                              By: ANTHONY M. SOLIS,
                              Attorney for Defendant
                              LEONIDAS IRAHETA

**MOTION FOR DISCOVERY ORDER**

1

### A. Defendant's Statements

1. All pre-indictment and post-indictment statements of the defendant, whether recorded or unrecorded, oral or written, signed or unsigned, made to government agents which are relevant to the crimes charged, either with or without the knowledge of the defendant that such persons were government agents at the time the statements were made;

2. All pre-indictment and post-indictment statements of the defendant, whether recorded or unrecorded, oral or written, signed or unsigned, made to persons other than government agents which are relevant to the crimes charged, and whom the government intends to call as witnesses in this case;

3. All pre-indictment and post-indictment statements of the defendant, whether recorded or unrecorded, oral or written, signed or unsigned, made to persons other than government agents which are relevant to the crimes charged, and are either exculpatory or inculpatory, but which the government does not intend to offer at trial;

### B. Arrest Reports, Notes and Dispatch Tapes

4. All arrest reports, notes and dispatch or other tapes that relate to the circumstances surrounding the defendant's arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant and any other discoverable material is contained. This request also includes, but is not limited to, *the entire LAPD "Murder Book"* or other compendium of evidence related to the acts alleged to have been committed by the defendant.

### C. Scientific Reports

5. Reports of all examinations and scientific tests, including all fingerprints, handwritings, voice and ink analysis or chemical tests and results;

### D. The Defendant's Prior Record

6. The defendant's criminal record, including felonies and misdemeanors, which the government intends to use at trial either in their case-in-chief or for the purposes of impeachment;

### E. *Brady* Material

7. All documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.

1  Impeachment as well as exculpatory evidence falls within *Brady's* definition of evidence favorable to
2  the accused.
3      **F. Evidence Seized**.
4      8. Evidence seized because of any search, either with or without a warrant.
5      **G. Tangible Objects**
6      9. The opportunity to inspect and copy as well as test, if necessary, all other documents and
7  tangible objects, including alleged contraband, photographs, books, papers, documents, buildings,
8  automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or
9  intended for use in the government's case-in-chief, or were obtained for or belong to the defendant;
10     **H.  Witnesses**
11     10.  The names and addresses of all persons the government intends to call as witnesses at the
12 trial in its case in chief;
13     11.  The names of all persons who have given relevant information to the government about
14 this case, whom the government does not intend to call as witnesses at the trial;
15     12.  The statements of all persons whom the government expects to call as witnesses at trial;
16     13.  The statements of all persons having relevant information about this case, whether sworn
17 or unsworn, which is exculpatory and helpful to the defense, and which is in possession of the
18 government, whom the government does not intend to call at the time of trial;
19     **I. Co-Conspirator Statements**
20     14.  All pre-indictment and post-indictment of co-defendants and co-conspirators, whether
21 recorded or unrecorded, oral or written, signed or unsigned, made to government agents which are
22 relevant to the crimes charged;
23     15.  All pre-indictment and post-indictment statements of co-defendants and co-conspirators,
24 whether recorded or unrecorded, oral or written, signed or unsigned, made to persons other than
25 government agents which are relevant to the crimes charged and whom the government intends to
26 call as witnesses in this case;
27     16.  All pre-indictment and post-indictment statements of the co-defendants and co-
28 conspirators, whether recorded or unrecorded, oral or written, signed or unsigned, made to persons

**MOTION FOR DISCOVERY ORDER**

1  other than government agents which are relevant to the crimes charged, and which are helpful or
2  material to the defense, but whom the government does not intend to call as witnesses
3  in this case;

4  **J. Inducements**

5  17.  Provide a full complete and extent of any dealings with, or promises or inducements to,
6  prospective government witnesses in this case made by government attorneys, agents and employees,
7  including, but not limited to, such promises or inducements made to cooperating witnesses or
8  informants;

9  **K. Electronic Surveillance and Warrants**

10  18.  Provide copies of all applications, affidavits, authorizations and results of seizure
11  regarding any electronic surveillance, hand register, or other surveillance device, for which the
12  defendant is an aggrieved party;

13  19.  Copies of all search warrants, including affidavits in support thereof and inventories
14  thereto, obtained during and relating to the investigation of this case;

15  **L. Giglio Material**

16  20.  Copies of all documents or other information containing, reflecting or suggesting any
17  bias or hostility of any witness for the government against the defendant;

18  21.  Copies of all documents, tangible objects and information which are any way
19  contradictory to or inconsistent with the anticipated trial testimony of any government witness;

20  **M. Other Acts Evidence**

21  22.  Disclosure of the government's intention to utilize evidence of acts or crimes not named
22  in the Indictment to prove the defendant's motive, opportunity, preparation, plan, knowledge,
23  identity, or absence of mistake or accident;

24  DATED: August 12, 2009                    Respectfully submitted,
                                              ANTHONY M. SOLIS
25                                            A Professional Law Corporation

26                                            ***ANTHONY M. SOLIS***

27                                            _____
                                              ANTHONY M. SOLIS,
                                              Attorney for Defendant
28                                            Leonidas Iraheta

**MOTION FOR DISCOVERY ORDER**
4

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introductory Statement

Leonidas Iraheta is charged, along with several other defendants, in a Second Superseding Indictment filed on May 28, 2009. The initial iteration of the indictment, filed in 2007, does not mention Mr. Iraheta at all. The current indictment charges him with, *inter alia*, a violation of 18 U.S.C. § 1962(d) (RICO Conspiracy), one of the overt acts of which was a murder. At the initial appearance in this matter, counsel for the government Brian R. Michael, AUSA informed undersigned counsel that Mr. Iraheta was death-eligible.

Mr. Iraheta was arraigned on about June 22, 2009. On June 22, 2009, undersigned cousnel sent an eight (8) page letter to AUSA Brian Michael requesting discovery. *See Exhibit A* attached hereto. While the government has produced thirty (30) CDs of material, that material concerns only the initial investigation, i.e, discovery related to the initial indictment and concerning mainly the Pantoja Organization in general and the activities of the co-conspirators named in the original indictment. None of the discovery thus far produced deals directly with Mr. Iraheta, nor does it contain any information about the overt acts detailed in the Second Superseding Indictment attributed to Mr. Iraheta, e.g. the murder that Mr. Iraheta is alleged to have committed. On July 30, 2009, undersigned counsel wrote another letter to Mr. Michael following a telephone conversation in which reiterated the request for discovery concerning Mr. Iraheta and counsel's intent to receive the discovery. *See Exhibit B* attached hereto.

Therefore, some discovery has been provided, but much of the discovery, particularly that which relates to Mr. Iraheta, remains outstanding.

### I.

### DEFENDANT'S STATEMENTS - RULE 16(a)(1)(A)

Disclosure of the statements of a defendant covered by Rule 16(a)(1)(A) is mandatory. The Advisory Committee Note states that whatever ambiguity existed on this point prior to the 1974 proposals has now been resolved in the direction "of more liberal discovery. 62 F.R.D. at 308.

If the government has any doubt as to the discoverability of a particular statement, its proper course is to disclose what statements it has to the court so that the court may resolve the issue.

1  *United States v. Fallen*, 498 F.2d 172, 174 (8th Cir. 1974).

2  Under Fed.R.Crim. P. 16 (a)(1)(A), the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of any government agent; any response to any *Miranda* warnings that may have been given to the defendant (*see U.S. v. McElroy*, (2d Cir. 1982) 697 F.2d 459); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16 (a)(1)(A).

10  In this matter, nothing concerning Mr. Iraheta has been disclosed.

## II.

## ARREST REPORTS, NOTES AND DISPATCH TAPES

13  The defendant also specifically requests that all arrest reports, notes and dispatch or other tapes that relate to the circumstances surrounding his arrest and/or any questioning, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant and any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16 (a)(1)(A) and *Brady v. Maryland*, (1963) 373 U.S. 83.  *See also Loux v. U.S.,* (9th Cir. 1968) 389 F.2d 911; *U.S. v. Johnson*, (2d. Cir. 1975) 525 F.2d. 999; *U.S. v. Lewis*, (D.C. Cir. 1975), 511 F.2d 798.; *U.S. v. Pilnick*, (S.D. N.Y. 1967), 267 F.Supp. 791.

## III.

## REPORTS OF SCIENTIFIC TESTS OR EXAMINATIONS

23  Pursuant to Fed.R.Crim.P. 16(a)(1)(D), Mr. Iraheta requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to the scientific chemical testing done upon the drugs seized in this case to determine if it was indeed cocaine and any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of

the defense or are intended for the use by the government as evidence in chief at trial.

## IV.

## **DEFENDANT'S PRIOR RECORD - RULE 16(a)(1)(B)**

Another item of mandatory disclosure on the request of the defendant is his prior criminal record.  Rule 16(a)(1)(B)  The Advisory Committee note indicates that the defendant should be provided with a copy of his record prior to trial to eliminate any dispute as to the correctness of the record.  62 F.R.D. at 311.

> The defendant may be uncertain of the precise nature of his prior record and it seems therefore in the interest of efficient and fair administration to make it possible to resolve prior to trial any disputes as to the correctness of the relevant criminal record of the defendant.

The prior criminal record which must be disclosed is not limited to felony convictions.  The right of impeachment of a witness is not limited to felony convictions under Rule 609(a) of the Federal Rules of Evidence, and the defendant is entitled to discovery of all convictions which may be usable to impeach him.  Such information permits a valid calculation of the relevant sentencing factors.

## V.

## *BRADY* MATERIAL

The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within *Brady's* definition of evidence favorable to the accused.  *United States v. Bagley*, (1985) 473 U.S. 667; *U.S. v. Agurs*, (1976) 427 U.S. 97;

## VI.

## *JENCKS* ACT MATERIAL

The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500 (e)(1).  *Campbell v. United States*, 373 U.S. 487-490-

**MOTION FOR DISCOVERY ORDER**
7

1  92 (1963).

2  In *United States v. Boshell* 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an
3  agent goes over interview notes with the subject of the interview, the notes are then subject to the
4  *Jencks* Act.   The defense requests pre-trial production of *Jencks* material to expedite cross-
5  examination and to avoid lengthy recesses during trial.

## VII.

### *GIGLIO* INFORMATION

Pursuant to *Giglio v. United States* (1972), 405 U.S. 150, the defendant requests all statements and/or promises, express or implied, made to any government witness, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

## VII.

### GOVERNMENT EXAMINATION OF LAW ENFORCEMENT PERSONNEL FILES

The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential informant in this case.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn* (9th Cir. 1991) 931 F.2d 29.  *See United States v. Jennings* (9th Cir., 1992) 960 F.2d 1488, 1492.

## VIII.

### ELECTRONIC SURVEILLANCE

Any and all electronic recordings, records, tapes of intercepted recorded phone calls, logs and all other data and memoranda of any defendant or government witness, intercepted for the purpose of gathering evidence against the defendant.  All actual voice recordings and tapes, mechanical or electronic recordings made purportedly of defendants voice whether or not the government intends to use such tapes at trial or motion hearings.

1  Any and all applications, affidavits, memoranda, or other product used or submitted to
2  support applications for any surveillance as well as any judicial responses to the requested
3  surveillance. The name of the agents or private companies doing the actual taping of the
4  conversations under the wiretap order and all directives and instructions given to the actual monitors.
5  *Alderman v. United States,* 294 U.S. 165, 89 S.Ct. 961 (1969).

## IX.

## LEAVE TO FILE FURTHER MOTIONS

Due to the volume and character of the outstanding discovery, the defendant requests leave to file further motions based on the further discovery produced.

## CONCLUSION

Based on the foregoing, defendant submits that the requests for discovery and for leave to file further motions should be granted.

DATED: August 11, 2009

                                          Respectfully submitted,

                                          ANTHONY M. SOLIS,
                                          A Professional Law Corporation

                                          ***ANTHONY M. SOLIS***
                                          _____
                                          ANTHONY M. SOLIS
                                          Attorney for Defendant
                                          LEONIDAS IRAHETA

**MOTION FOR DISCOVERY ORDER**