Anthony M. Solis, SBN 198580
A Professional Law Corporation
1055 West 7th Street, Suite 2140
Los Angeles, CA 90017
213-489-5880 - Phone
213-489-5923 - Fax
anth500@earthlink.net

Judy Clarke, SBN 76071
Clarke & Rice, APC
2366 Front Street
San Diego, CA 92101-1414
619-308-8484 - Phone
619-243-7386 - Fax
judyclarke@jcsrlaw.net

Attorneys for Defendant
LEONIDAS IRAHETA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-07-1172(B)-DDP-26 |
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR TO DISMISS INDICTMENT; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| | **TRIAL DATE SET: FEB. 2, 2010** |
| LEONIDAS IRAHETA, | DATE:    JAN. 11, 2010 |
| | TIME:    3:00 p.m. |
| Defendants. | PLACE:  Courtroom 3 |

TO THE PLAINTIFF, UNITED STATES OF AMERICA: GEORGE S. CARDONA, ACTING UNITED STATES ATTORNEY, BRIAN R. MICHAEL, KEVIN M. LALLY, and NILI T. MOGHADDAM, ASSISTANT UNITED STATES ATTORNEYS.

PLEASE TAKE NOTICE THAT: on JAN. 11, 2010 at 3:00 p.m. in the courtroom of the Hon. Dean D. Pregerson, Defendant LEONIDAS IRAHETA, by and through his counsel of record, ANTHONY M. SOLIS and JUDY CLARKE, will move to dismiss the indictment.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the attached Declaration of Counsel, the records and files in this case, and upon any such further oral or documentary evidence as may be presented prior to or at the

**NOTICE OF MOTION AND MOTION TO DISMISS**

1

1  hearing on this motion.

2  DATED: December 21, 2009            ANTHONY M. SOLIS,
                                       A Professional Law Corporation
3
                                       JUDY CLARKE
4                                      Clarke & Rice, APC

5                                      By:

6                                      ***ANTHONY M. SOLIS***
                                       _____
7                                      ANTHONY M. SOLIS
                                       Attorneys for Defendant
8                                      LEONIDAS IRAHETA

**NOTICE OF MOTION AND MOTION TO DISMISS**

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Leonidas Iraheta is charged, along with several other defendants, in a multi count Second Superceding Indictment with participation in a racketeer-influenced corrupt organization (RICO)/Violent Crime in Aid of Racketeering (VICAR), one of the predicate acts of which is a murder. One of the VICAR counts (count 21) specifically charges Mr. Iraheta with the murder of "J.B." on July 21, 2001.[1] It was not until the Second Superseding indictment (the 3d indictment) in this case that Mr. Iraheta was included as a defendant and the July 2001 murder alleged.[2]

No eyewitnesses to the July 2001 killing identify Leonidas Iraheta as even being present; there is no physical evidence connecting him to the event; and, he has made no statements. It appears that the evidence against Mr. Iraheta is that obtained from two informants, cooperating defendants who have obtained deals with the government to testify.[3] Though the indictment alleges that Mr. Iraheta is involved in a RICO conspiracy, and collected rent and enforced CLCS control, it alleges no illegal conduct by Mr. Iraheta after August 19, 2003 (*see* Overt Act, #6, p.

---

[1]The first of the indictments in this case, filed in October 2007, charged many of the same defendants with being members of the "Columbia Lil Cycos" (CLCS) and involved in a massive narcotics conspiracy. In November 2007, a first superceding indictment was filed, with the addition of one defendant, Anthony Villalobos. Eighteen months later, a number of other defendants were added, and a RICO conspiracy and VICAR counts included. The VICAR counts alleged murders in September 2007 and July 2001.

[2]Two other defendants are also accused with this July 2001 murder, Leo Iraheta's twin brother, Vladimir Iraheta, and an unrelated defendant Eduardo Hernandez. None of the three defendants, now accused of this murder, were charged in earlier versions of the indictment.

[3]At least one of these individuals, and possibly both, was indicted in an earlier version of this indictment, and it appears has "cut a deal" to testify against Mr. Iraheta and his two co-defendants, and possibly others. To date, we have not received information about these informants nor their statements. We have filed a motion for discovery of the various "proffers" and statements made by these individuals.

**NOTICE OF MOTION AND MOTION TO DISMISS**

3

21).[4]

Notably, at the time of his arrest in June 2009 Mr. Iraheta was working at Von's, supporting and living with his long time mate and their young son.

Mr. Iraheta made his initial appearance before the court on June 16, 2009. He was arraigned on June 22, 2009 and trial was set for August 11, 2009. [DE 458]. On June 22, 2009, counsel wrote a general discovery letter request. On July 10, 2009, counsel stipulated to a continuance of the trial date to the date then set for the defendants already before the court, February 2, 2010. On July 20, 2009, counsel followed up with a more specific discovery request, noting that while the government had provided 65 CDs of material, it all related to the alleged "Pantoja organization", and nothing related to Mr. Iraheta and/or the alleged July 2001 murder. According to the letter, the government promised to provide the so-called "murder book" by August 4, 2009. When the discovery was not forthcoming, on August 11, 2009 counsel filed a discovery motion [DE 526]. Thereafter, the redacted "murder book" was provided on August 24, 2009. Additional discovery, including prior record information and post arrest statements of two individuals charged with Mr. Iraheta in the July 2001 killing, was not provided until October 22 and 23, 2009.[5]

On November 20, 2009 counsel sent a third discovery letter, and on November 22, 2009 filed a motion to compel the production of information regarding the informants and their statements. After a reminder that no response had been received, government counsel agreed to

---

[4] Mr. Iraheta is accused in Count 1 (RICO conspiracy) and Count 21 (VICAR, July 2001 death of J.B.). The overt acts allege that Mr. Iraheta, along with twin brother, Vladimir Iraheta and Eduardo Hernandez shot and killed J.B. in July 21, 2001, that they shot and wounded A.H. on the same day, that on October 30, 2002 he possessed a loaded firearm in CLCS Territory, that on August 19, 2003, he and Hernandez collected rent from A.S. in CLCS Territory, and that he attended a CLCS meeting on January 9, 2006. [*See* Second Superceding Indictment, pp. 21, 23].

[5] Counsel continued to agree to postpone the discovery hearing upon promises that discovery would be provided. Eventually, the discovery motion was taken off calendar pending review of the discovery provided.

**NOTICE OF MOTION AND MOTION TO DISMISS**

4

respond to the November 2009 discovery letter in writing.[6]

## II.

### THE INDICTMENT MUST BE DISMISSED BECAUSE THE EVIDENCE IS NOT SUFFICIENT TO ESTABLISH MR. IRAHETA'S ROLE IN THE CONSPIRACY WITHIN THE STATUTE OF LIMITATIONS

The evidence produced to defense counsel does not establish the core of that which is required to convict Mr. Iraheta of a RICO conspiracy – that he "knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise." *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004), quoting *Smith v. Berg*, 247 F.3d 532, 538 (3d Cir. 2001). Even assuming the government has sufficient evidence, which it has not yet produced in discovery or alleged in the indictment, the allegations in the indictment that suggest that Mr. Iraheta was a part of a RICO conspiracy, do not fall within the five year statute of limitations.[7] *See* 18 U.S.C. §3282(a)("[N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found ... within five years next after such offense shall have been commenced."). The VICAR count requires the government to prove a racketeering enterprise, racketeering activity (2 predicate acts), and that the defendants acted to maintain and increase their position(s) in the enterprise - again, the acts fall outside of the statute of limitations, and must fail. As a result, Mr. Iraheta seeks dismissal of the indictment in so far as he is charged in counts 1 and 21, on the grounds that his alleged illegal conduct is not within the statute of limitations.

///
///
///
///

---

[6] Out of deference to government counsel's request to continue the hearing on this motion to permit time to respond after the Thanksgiving holiday, counsel agreed to a continuance of the December 14, 2009 hearing on this motion. To date, the motion has not been re-calendared.

[7] The government conveniently alleges a January 9, 2006 "CLCS Organization meeting" attended by the Iraheta brothers and Eduardo Hernandez, but offers no indication the "meeting" involved any conspiratorial or illegal activities.

### III.

### THE INDICTMENT MUST BE DISMISSED ON
### FIFTH AMENDMENT DUE PROCESS GROUNDS

After turning to the task of raising a family, and finding full-time employment, essentially turning away from any activity involving "gangs", Mr. Iraheta finds himself now defending against conduct he is accused of engaging in 8 years ago. While it is understandable that the government must investigate before indicting, it has had an ongoing investigation into the alleged CLCS gang for some 10 years. *See U.S. v. Zaragoza* 212 Fed. Appx. 658 (9th Cir. 2006) (affirming convictions of alleged CLCS members arising out of 1999 indictment). It returned the first indictment in this case in October 2007, and waited until May 2009 to include the allegations against Mr. Iraheta. Then, after that delay, the government continued to delay relevant discovery production for several more months. And, to date, the government has not provided the apparently critical evidence against Mr. Iraheta.[8]

All of the government's current foot dragging aside, the reality is that it waited 8 years to prosecute Mr. Iraheta for a murder that allegedly occurred in July 2001, and even an additional 2 years after arresting many defendants and accusing them of many of the predicate acts contained in the current indictment. This delay places an impossible burden on Mr. Iraheta to determine his whereabouts on July 21, 2001, and find witnesses who can provide an "alibi."

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive pre-indictment delay." *United States v. Sherlock,* 962 F.2d 1349, 1353 (9th Cir.1989). To establish a Fifth Amendment violation, a defendant must show that he suffered "actual, non-speculative prejudice from the delay and that the delay, when weighed against the government's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Gilbert,* 266 F.3d 1180, 1187 (9th

---

[8]The government has now offered a joint stipulation to continue the case once again; and, though counsel recognize the practical impossibilities of proceeding to trial in February 2010, one or more of the defendants, Mr. Iraheta included, are understandably frustrated and resistant to stipulating to another continuance.

1  Cir.2001) (internal quotation marks and citation omitted).  "[T]he proof must be definite and not
2  speculative, and [] must demonstrate how the loss of a witness and/or evidence is prejudicial to
3  his case." *United States v. Moran*, 759 F.2d 777, 782 (9th Cir.1985).  Here, Mr. Iraheta has no
4  way to establish his whereabouts, and thus an "alibi" for July 21, 2001.  He has suffered
5  irreparable and actual prejudice as a result of the 8 year delay.

## CONCLUSION

For the reasons cited above, it is respectfully requested that the Court enter an order dismissing the indictment against him.

DATED: December 21, 2009         ANTHONY M. SOLIS,
                                 A Professional Law Corporation

                                 JUDY CLARKE
                                 Clarke & Rice, APC

                                 By:

                                 ***ANTHONY M. SOLIS***
                                 _____
                                 ANTHONY M. SOLIS
                                 Attorneys for Defendant
                                 LEONIDAS IRAHETA

---

**NOTICE OF MOTION AND MOTION TO DISMISS**

**DECLARATION OF ANTHONY M. SOLIS**

Anthony M. Solis declares as follows:

I am an attorney at law licensed to practice in this district.  I am one of the attorneys of for Leonidas Iraheta in this matter.  The factual information and allegations set forth in the attached Motion, is true and correct, based upon information and belief and my own personal knowledge.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of December, 2009.


*ANTHONY M. SOLIS*
ANTHONY M. SOLIS