Anthony M. Solis, SBN 198580
A Professional Law Corporation
1055 West 7th Street, Suite 2140
Los Angeles, CA 90017
213-489-5880 - Phone
213-489-5923 - Fax
anth500@earthlink.net

Judy Clarke, SBN 76071
Clarke & Rice, APC
2366 Front Street
San Diego, CA 92101-1414
619-308-8484 - Phone
619-243-7386 - Fax
judyclarke@jcsrlaw.net

Attorney for Defendant
LEONIDAS IRAHETA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LEONIDAS IRAHETA, et al.,<br><br>    Defendants. | CASE NO. 07-1172(B)-DDP-26<br><br>NOTICE OF MOTION AND MOTION FOR DISCOVERY OF "GANG" INFORMATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY M. SOLIS<br><br>DATE:    APR. 26, 2010<br>TIME:    3:00 p.m.<br>PLACE:   Courtroom 3<br>JUDGE:   Hon. Dean D. Pregerson |

TO THE PLAINTIFF, UNITED STATES OF AMERICA, AND ITS ATTORNEYS: ANDRÉ BIROTTE, UNITED STATES ATTORNEY, KEVIN M. LALLY AND NILI T. MOGHADDAM, ASSISTANT UNITED STATES ATTORNEYS.

PLEASE TAKE NOTICE THAT: on APRIL 26, 2010 at 3:00 p.m. in the courtroom of the Hon. Dean D. Pregerson, Defendant LEONIDAS IRAHETA, by and through his counsel of

**MOTION FOR DISCOVERY OF GANG INFORMATION**

1

record, ANTHONY M. SOLIS and JUDY CLARKE, will move and hereby does move, or an order compelling the government to make available to the defendant and his counsel for inspection and copying each of the following items which are in the possession of the government, or which can be obtained by the government in the exercise of reasonable diligence.

DATED: April 5, 2010

ANTHONY M. SOLIS,
A Professional Law Corporation

***ANTHONY M. SOLIS***

By: ANTHONY M. SOLIS,
Attorney for Defendant
LEONIDAS IRAHETA

DATED: April 5, 2010

CLARKE & RICE, APC

***JUDY CLARKE***

By: JUDY CLARKE,
Attorney for Defendant
LEONIDAS IRAHETA

**MOTION FOR DISCOVERY OF GANG INFORMATION**

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**Introduction**

Leonidas Iraheta is charged, along with several other defendants, in a Second Superseding Indictment filed on May 28, 2009. The current indictment charges him with, *inter alia*, a violation of 18 U.S.C. § 1962(d) (RICO Conspiracy), one of the overt acts of which was a murder. In addition to the murder, and as part of the RICO allegation, Mr. Iraheta is alleged to have been a member of an organization referred to in the indictment as the Columbia Lil Cycos clique of the 18th Street Gang (hereinafter "CLCS"). In lay terms, the defendant is alleged to have been a member of a criminal street gang. For many years prior to the indictment in this matter by the government, many agencies, including, but not limited to, the Los Angeles Police Department (LAPD) and the Los Angeles County Sheriff's Department (LASD)(hereinafter collectively referred to as "local law enforcement agencies") collected information and documentation, data and intelligence on the Columbia Lil Cycos, the 18th Street gang, including, but not limited to the defendant, Leonidas Iraheta, his co-defendants in this matter, and the so-called "gang(s)" as a whole.

The defendant is informed and believes that during the course of their law enforcement activities, the local law enforcement agencies collect and digest large volumes of information on members of criminal street gangs. This includes current and former members as well as associates and others who are seen with or are otherwise associated with gang members or associates. This information comes in many forms. It can include a "field identification card" or "field interview card" also referred to as an "FI Card," often an index type card on which local law enforcement agencies memorialize their interactions with gang members. These cards can include descriptions of events, associations among members, graffiti sightings, tattoos and other personal descriptors and other information.

In addition, the defendant is informed and believes there exists a "gang book" or a compendium of dossiers, including photographs, of members within a particular gang. This compendium may include photographs of individual gang members and personal identifying

1  information such as when they entered the gang, whether they are active or inactive, who their
2  associates are, their probation and parole status, including any conditions such as search and
3  seizure conditions, restraining orders, and the like, their criminal history information, and other
4  similar information.

5  During the investigation in this case, the discovery reveals, at least one witness, Los
6  Angeles County Sheriff's Deputy Ching #409482 *was shown "the 18th Street gang book."*
7  Government's discovery page JB 04075.  The report refers to "photos" that were shown.

8  In addition, the discovery also reveals *some* of the FI Cards on some of the defendants in
9  this matter.  It is unclear whether the FI cards contained in the discovery comprise all available
10 FI cards available.  In any event, the discovery also refers to the fact that "[LAPD] Detective
11 Silva found a gang identification card depicting victim [redacted] as an ex-Rockwood gang
12 member.  Government's discovery page JB 04086.

13 Furthermore, local law enforcement agencies utilize different electronic databases
14 including, but not limited to, the Cal Gang electronic database, which accumulate and track data
15 on criminal street gang members throughout the State of California.  The information contained
16 in this database includes numerous indicators of gang affiliation for over 200,000 individuals
17 across the state.

18 Defendant Leonidas Iraheta has made numerous requests for this information, to no avail.
19 First, in a general discovery letter dated June 22, 2009, Defendant L. Iraheta requested the
20 government make a request of each and every government agent connected with this case for
21 information which would have produced all, if not nearly all, of the gang-related information
22 requested by this motion.  See **Exhibit A**, Solis Letter to AUSA Michael, 6/22/2009.

23 Some months later, after a great deal of discovery was produced and analyzed, a more
24 specific request was made of the government in this matter.  That request included, among other
25 items, a request for:

26     A complete set - in color - or digital image, of the 18th Street/CLCS
    "gang book" as it existed on the night of the Barajas murder on
27     July 21, 2001.  By "gang book" I am referring to a compendium,
    by whatever name to which it is referred, which cataloged any and
28     all information, including, but not limited to, identifying

    information, monikers, associates, etc., ***and*** photographs of the likenesses of all CLCS gang members.

See **Exhibit B**, Solis Letter to Government, 11/20/2009.

That request went wholly unfulfilled. On December 18, 2009, undersigned counsel Anthony M. Solis spoke to AUSA Kevin Lally specifically regarding the gang-related information. Mr. Lally told counsel he was willing to turn over the requested information if it existed, but he was uncertain of whether the information still existed or could be located. At that time he declined to communicate this information in writing.

On January 18, 2010, undersigned counsel Anthony M. Solis wrote to Mr. Lally regarding the requests made in the November 20, 2009 letter. While many of the requests were resolved, the gang information remains outstanding. See **Exhibit C**, 1/18/10 Solis Letter to Government.

It is respectfully requested that the Court either: (1) compel the government to locate and produce the information or to confirm its non-existence, or; (2) Issue a Subpoena Duces Tecum pursuant to F.C.R.P. Rule 17(c) for the Custodian of Records of the Los Angeles Police Department or relevant local law enforcement agency maintaining the information requested herein.

## I.

## THE MATERIAL REQUESTED HEREIN IS DISCOVERABLE

The requested gang information takes on a number of forms and each is discoverable.

**A. The defendant's statements.**

Under Rule 16, the defendant's statements are discoverable, following a defense request. Among Rule 16's requirements is that the government disclose:

> "(2) any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control, and the attorney for the government knows – or through reasonable diligence could know – that the statement exists.

Fed R. Crim P. 16(a)(1)(B)(1).

**MOTION FOR DISCOVERY OF GANG INFORMATION**

1   Clearly, the information requested, be it field identification cards or other recorded
2 contacts with the defendant, may contain statements the defendant made, however memorialized.
3 Such statements are relevant because they may establish whether and/or when the defendant
4 became a member of the alleged organization or gang, and whether and/or when he withdrew
5 from such organization or gang.

6   **B. Documents and Tangible Objects**

7   Rule 16(a)(1)(E) allows the discovery of documents and tangible objects within the
8 possession, custody or control of the government upon defendant's request.  Discoverable items
9 under this rule must fit into one of three categories: (1) evidence that is material to preparing the
10 defense; (2) evidence the government intends to use in its case-in-chief; and (3) evidence that
11 was obtained from or belongs to the defendant.  Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii).

12   The materials sought in this motion fall squarely into at least the first category
13 enumerated above.  Clearly, in a gang case, all information about the gang and its members,
14 particularly such information as was collected by the government and/or local law enforcement
15 agencies for the purpose of tracking and potentially prosecuting alleged gang members, is
16 material to the preparation of a case whose chief object is the identification of an organization
17 and its membership.

18   Of course, much of this material may constitute exculpatory material under *Brady v.*
19 *Maryland*, 373 U.S. 87 (1963) and the government's obligation to disclose it would exist
20 independent from its obligation under the Federal Rules of Criminal Procedure or other statutes.

21                              **II.**
22           **THE INFORMATION REQUESTED IS WITHIN THE**
23            **CUSTODY OR CONTROL OF THE GOVERNMENT**

24   Rule 16(a)(1)(E) limits discovery of documents and tangible items to those objects
25 "within the government's possession, custody, or control . . ."

26   The investigation into this matter reaches at least as far back as July, 2001.  From prior to
27 July 2001, up until at least 2008, the information and documentation that is the subject of this
28 motion was collected, sorted, analyzed and cataloged for use by the local law enforcement

**MOTION FOR DISCOVERY OF GANG INFORMATION**
6

1 agencies for their day-to-day police work, as well as for prosecutions such as the one in this case.
2 In this case, large portions of the gang activities described in the indictment were investigated by
3 the LAPD. Later, the federal government joined the investigation. In essence, the investigation
4 in this matter is clearly a "joint investigation" such that the LAPD and the federal government
5 are "closely connected investigative agencies."

6 In *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989), the Ninth Circuit analyzed the
7 definition of the "government" as it is used in Rule 16(a)(1)(E)(now re-lettered). The Court
8 found that within the "government's" possession, custody or control "includes both the
9 prosecutor and closely connected investigative agencies. Later, in *United States v. Santiago*, 46
10 F.3d 885 (9th Cir. 1995), the Court, underscoring the findings in *Bryan*, recognized that the scope
11 of the government's obligation turned on "the extent to which the prosecutor has knowledge of
12 and access to the documents." *Santiago supra* at 894, citing *Bryan, supra* at 1036.

13 In this matter, the government clearly has knowledge of the requested materials as
14 defense counsel has made repeated requests for such specific information. Furthermore, since
15 this is clearly a joint LAPD-FBI investigation, the government almost certainly has access to the
16 materials requested.

## CONCLUSION

18 For the reasons cited above, it is respectfully requested that the Court grant the requested
19 relief, compelling the production of the requested materials.

20 DATED: April 5, 2010                ANTHONY M. SOLIS,
                                        A Professional Law Corporation

                                        ***ANTHONY M. SOLIS***
                                        _____
                                        By: ANTHONY M. SOLIS,
                                        Attorney for Defendant
                                        LEONIDAS IRAHETA

25 DATED: April 5, 2010                CLARKE & RICE, APC

                                        ***JUDY CLARKE***
                                        _____
                                        By: JUDY CLARKE,
                                        Attorney for Defendant
                                        LEONIDAS IRAHETA

**DECLARATION OF ANTHONY M. SOLIS**

Anthony M. Solis declares as follows:

1. Along with Judy Clarke, I am attorney of record for defendant Leonidas Iraheta in this matter.

2. On June 22, 2009, I sent a letter to AUSA Brian Michael via e-mail and United States mail requesting broad categories of discovery materials. A copy of that letter is attached as Exhibit A hereto.

3. On November 20, 2009, following a review of the voluminous discovery in this case, I sent a letter to the government's attorneys in this case requesting specific items of discovery, including, but not limited to, the gang information requested in this motion. A copy of that letter is attached as Exhibit B hereto.

4. On December 18, 2009, having received no response to the November 20, 2009 letter request for discovery, I spoke with AUSA Kevin Lally via telephone. Mr. Lally told me that, while he did not, as a general matter, object to the production of the requested materials, specifically, the "gang book" or compendium of gang member photographs, it was unclear to him during our conversation whether the requested materials existed. Mr. Lally explained to me that the materials allegedly had existed, but they were housed at LAPD's Rampart station, which had been relocated. During the relocation process, at least some of the requested records became difficult to locate. I invited Mr. Lally to put his position and his findings in writing, so that I could properly communicate his position to my co-counsel on whose behalf I was making the request. Mr. Lally declined to do so.

5. On January 18, 2010, I wrote to government counsel again, requesting a response to my requests for discovery. In February 2010, the government and defense counsel agreed to the production of various items of requested discovery from the November 20, 2009 letter. The only items which remain in dispute are: (1) The gang information requested in this motion, and; (2) An unredacted copy of the "murder book" or entire file of the murder investigation into the J.B. murder.

6. With regard to the information stated within this motion on information and belief

concerning the manner in which gang information is collected and stored, I incorporate hereto such information by this reference. As to that information, I believe it to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th Day of April, 2010 at Los Angeles, California.


*ANTHONY M. SOLIS*
ANTHONY M. SOLIS