ANDRÉ BIROTTE JR
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
KEVIN M. LALLY (Cal. State Bar No. 226402)
NILI T. MOGHADDAM (Cal. State Bar No. 226636)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2170/6520
    Facsimile: (213) 894-3713
    Email:    kevin.lally@usdoj.gov
              nili.moghaddam@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-1172(B)-DDP |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION TO <u>DEFENDANT LEONIDAS IRAHETA'S MOTION FOR DISCLOSURE OF GANG INFORMATION</u> |
| v. | ) | |
| SERGIO PANTOJA, et al., | ) | |
| | ) | Date: April 26, 2010 |
| Defendants. | ) | Time: 3:00 p.m. |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Kevin M. Lally and Nili T. Moghaddam, hereby submits its opposition to defendant Leonidas Iraheta's motion for disclosure of gang information (CR 742), in which defendant Vladimir Iraheta and defendant James Wooten have joined (CR 743, 750).

    This opposition is based on the attached memorandum of points and authorities, the files and records in this case, and

//

1  such additional evidence and argument as may be presented at the
2  motion hearing.
3  DATED:     April 16, 2010
4                                          Respectfully submitted,
5                                          ANDRÉ BIROTTE JR
                                           United States Attorney
6
                                           CHRISTINE C. EWELL
7                                          Assistant United States Attorney
                                           Chief, Criminal Division
8

9
                                              ____/S/_____
10                                         KEVIN M. LALLY
                                           NILI T. MOGHADDAM
11                                         Assistant United States Attorneys
                                           Violent & Organized Crime Section
12
                                           Attorneys for Plaintiff
13                                         United States of America

                                         2

MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Leonidas Iraheta ("L. Iraheta") has filed a motion, which was joined in its entirety by co-defendants Vladimir Iraheta ("V. Iraheta") and James Wooten ("Wooten")(collectively "defendants")[1], in which defendants appear to seek an order compelling the government to produce all information contained in, at a minimum, the Cal-Gangs law enforcement database "about the [Columbia Lil Cycos] gang and its members, particularly such information as was collected by the government and/or local law enforcement agencies for the purpose of tracking and potentially prosecuting alleged gang members."[2] (Motion p. 6). Defendants claim that such information is discoverable under Rule 16(a)(1)(E) because such material

---

[1] Defendants L. Iraheta and V. Iraheta are jointly charged in Count One of the Second Superseding Indictment with RICO conspiracy, in violation of 18 U.S.C. § 1962(d), and in Count Twenty-One with VICAR, in violation of 18 U.S.C. § 1959(a)(1). Defendant Wooten is charged in Count Twenty-Two with conspiracy to commit VICAR, in violation of 18 U.S.C. § 1959(a)(5), and in Count Twenty-Five with VICAR, in violation of 18 U.S.C. § 1959(a)(2).

[2] Defendants also seeks production of Los Angeles Police Department ("LAPD") Field Identification cards referencing law enforcement contacts with defendants. Although not previously requested by defendants, the government will have a search conducted for defendants' Field Identification cards and will produce the results of that search. Defendants further seek production of the "18th Street/CLCS 'gang book' as it existed on the night of the Barajas murder on July 21, 2001." Repeated efforts to locate the "gang book" that would have been current in July 2001 have been undertaken. Those efforts, which have included searches of both the Rampart Division and its archives, have proven unsuccessful. Several 18th Street gang books that were generated in the mid-to-late 1990s, however, were located. The government will make these gang books available to defendants' counsel for inspection.

purportedly is "material to the preparation of a case whose chief object is the identification of an organization and its membership" and further as <u>Brady</u> material, as such information <u>may</u> be exculpatory in nature.  (<u>Id.</u>).  Defendants' request for Cal-Gangs database information, which is made for the first time through this motion, should be denied as the information sought is not properly discoverable under either Rule 16 or <u>Brady</u>.

A.   <u>The Requested Material Is Not Discoverable Under Rule 16</u>

Federal Rule of Criminal Procedure 16(a)(1)(E) states that a defendant is entitled to discovery of documents if such documents are "within the government's possession, custody or control"[3] and the defendant can show they are "material to preparing the defense."  The Supreme Court has made clear that "material to preparing the defense" in the Rule 16 context "means the defendant's response to the Government's case in chief."  <u>See</u> <u>United States v. Armstrong</u>, 517 U.S. 456, 462 (1996) (holding that the defendant was not entitled to Rule 16 discovery to support his pretrial motion to dismiss based on selective prosecution as the plain language of Rule 16 makes clear that the term "defense" does not include "any claim that is a 'sword,'

---

[3]   In determining whether the federal government can be deemed to have constructive possession of documents in state custody, the Ninth Circuit repeatedly has held that "federal prosecutors are never deemed to have access to material held by state agencies." <u>United States v. Santiago</u>, 46 F.3d 885, 894 (9th Cir. 1995) (citing <u>United States v. Aichele</u>, 941 F.2d 761, 764 (9th Cir. 1991); <u>United States v. Gatto</u>, 763 F.2d 1040, 1048 (9th Cir. 1985).  The Cal-Gangs database, as its name indicates, is a database operated by the State of California, namely the California Department of Justice and, as described more fully below, is thus not within the possession or control of the government.

challenging the prosecution's conduct of the case," but rather "encompasses only the narrower class of 'shield' claims, which refute the Government's arguments that the defendant committed the crime charged."). Moreover, the defendant must make a concrete showing of materiality that is "not satisfied by a mere conclusory allegation that the requested information is material to preparation of the defense." United States v. Cadet, 727 F.2d 1453, 1466 (9th Cir. 1984); United States v. Richter, 488 F.2d 170, 175 (9th Cir. 1977); United States v. Ross, 511 F.2d 757, 764 (5th Cir. 1975). In addition, the scope of Rule 16(a)(1)(E) further is limited by Rule 16(a)(2)[4], which states, in pertinent part[5]:

> [T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

The Ninth Circuit has held that Rule 16(a)(2) creates an exception to Rule 16(a)(1)(E) and has found that it should be interpreted expansively so as to include not only classic work product but all documents encompassed within the plain language of the text. For example, in Fort, the Ninth Circuit, in

---

[4] This provision is listed under the heading "Information Not Subject to Disclosure."

[5] The provision technically starts with the clause "except as Rule 16(a)(1) provides otherwise." The Ninth Circuit, however, has found that this clause's inclusion was the result of scrivener's error and that Rule 16(a)(2) creates a discovery exception to the production requirements set forth elsewhere in Rule 16. United States v. Fort, 472 F.3d 1106, 1110 n.2 (9th Cir. 2007).

3

extending application of Rule 16(a)(2) to state generated police reports prepared prior to federal law enforcement involvement but later provided to federal prosecutors in connection with a RICO prosecution, ruled that "documents that are 'made in connection with investigating this or any other case' against a defendant are exempt from discovery under Rule 16(a)(2)." Fort, 472 F.3d at 1114.

Defendants' request for all Cal-Gangs database information related to the CLCS is not properly discoverable under Rule 16(a)(1)(E). In addition to being grossly overbroad, defendants' claim that they are "particularly [entitled] to such information as was collected by the government and/or local law enforcement agencies for the purpose of tracking and potentially prosecuting alleged gang members" is legally unfounded, as such information is directly exempt from production under Rule 16(a)(2). Furthermore, even if Rule 16(a)(2) did not preclude the compelled discovery of the requested information, defendants' claim still fails as defendants have not stated with the requisite particularity how their incredibly sweeping request for all CLCS-related information contained within the Cal-Gangs database is material to a defense that they, specifically, are not members or associates of the "CLCS Organization", as that term is defined in the Second Superseding Indictment.[6] In reality, defendants'

---

[6] Defendants L. Iraheta and V. Iraheta's membership in the CLCS is well documented, including on their own bodies. For example, L. Iraheta has large "18" tattoos on his chest and back and multiple 18th Street/CLCS tattoos on his arms; V. Irheta has a massive XVIII tattoo covering his stomach, an equally massive "EIGHTEEN" on his back, and multiple 18th Street/CLCS tattoos on both arms. In addition, among other discovery produced, the

4

1  discovery request is nothing more than a speculative fishing
2  expedition that falls outside the proper scope of Rule
3  16(a)(1)(E),[7] and thus should be denied.
4  B.   The Requested Material Is Not Discoverable Under Brady
5       In Brady, the Supreme Court held that "suppression by the
6  prosecution of evidence to an accused upon request violates due
7  process where the evidence is material either to guilt or
8  punishment."  Brady, 373 U.S. at 97.  It is well settled that a
9  defendant has no right to examine the government's files for
10 exculpatory material.  As the Supreme Court has explained:

>     A defendant's right to discover exculpatory evidence
>     does not include the unsupervised authority to search
>     through the [government's] files.  Although the eye of
>     an advocate may be helpful to a defendant in ferreting
>     out information, this Court has never held -- even in
>     the absence of a statute restricting disclosure -- that
>     a defendant alone may make the determination as to the
>     materiality of the information.  Settled practice is to
>     the contrary.  In the typical case where a defendant
>     makes only a general request for exculpatory material
>     under [Brady], it is the [government] that decides
>     which information must be disclosed.  Unless defense
>     counsel becomes aware that other exculpatory evidence
>     was withheld and brings it to the court's attention,
>     the prosecutor's decision on disclosure is final.
>     Defense counsel has no constitutional right to conduct

---

government has provided defendants with numerous witness statements from fellow CLCS members and associates, including multiple past shotcallers, in which L. Iraheta and V. Iraheta are identified as long-time members of the CLCS.  With respect to defendant Wooten, who is a member of a fellow 18th Street clique, the charges are based not upon his membership within the CLCS, but rather upon his status as a CLCS associate.

[7]   As a practical matter, the request, if granted, would provide the CLCS Organization with the universe of investigative and intelligence reports within the Cal-Gangs database documenting its activities -- a veritable treasure trove of information that almost certainly would be exploited to further the interests of the organization and undermine future law enforcement actions targeting the organization.

5

      his own search of the [government's] files to argue relevance.

Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987).  In addition, similar to Rule 16, Brady does not require the government to produce evidence that is not within the prosecution's possession.  See, e.g., Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995) (holding that the government did not violate Brady by failing to disclose the fact that two witnesses had been state informants, since it "was not aware of the alleged Brady material"); Aichele, 941 F.2d at 764 (explaining that "[t]he prosecution is under no obligation to turn over materials not under its control," and noting that the material at issue "was under the control of California officials"); United States v. Dominguez-Villa, 954 F.2d 562, 566 (9th Cir. 1992) (holding that the government is under no duty to "review state law enforcement files not within its possession or control").

    Defendants' Brady claim fails on multiple independent grounds.  At its core, defendants' request that the Court compel disclosure of all CLCS-related information in the Cal-Gangs database on the basis that such evidence "may" contain exculpatory material is not a request for the production of Brady material but rather a request for the Court to sanction a speculative fishing expedition premised on the mere possibility that Brady material may exist.  The Supreme Court has ruled that such searches are impermissible.  Ritchie, 480 U.S. at 59.  Furthermore, the Cal-Gangs database is maintained not by the

6

federal government but by the California Department of Justice.[8] Thus, such files are not in the possession or control of the government. As the government has no independent knowledge of any Brady information contained in such files, it is not obligated to search through these files to see if any such information "may" exist. Sanchez, 50 F.3d at 1453; Dominguez-Villa, 954 F.2d at 566.

For the aforementioned reasons, the government respectfully submits that defendant Leonidas Iraheta's Motion for Discovery of Gang Information, in which defendants Vladimir Iraheta and James Wooten joined, should be denied.

DATED: April 16, 2010

Respectfully submitted,

ANDRÉ BIROTTE JR
United States Attorney

         /S/
KEVIN M. LALLY
NILI T. MOGHADDAM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[8] The government objects to defendants' assertion that this case was a "joint investigation" between it and the LAPD. (Motion p. 7). As defendants correctly noted, much of the LAPD's investigation was independently conducted and subsequently adopted by the government. (Id.). Nevertheless, the Court need not resolve this issue as the Cal-Gangs database is maintained by the California Department of Justice.

7