ANTHONY M. SOLIS, SBN 198580
A Professional Law Corporation
1055 West 7th Street, Suite 2140
Los Angeles, CA 90017
(213) 489-5880 - Phone
(213) 489-5923 - Fax
anth500@earthlink.net

Attorney for Defendant
LEONIDAS IRAHETA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THE UNITED STATES OF AMERICA, | ) CASE NO.: CR-07-1172(D)-DDP-26 |
|---|---|
| Plaintiff, | ) DEFENDANT LEONIDAS IRAHETA'S **REPLY** TO THE GOVERNMENT'S OPPOSITION TO THE 'S MOTION FOR JUDGMENT OF ACQUITTAL, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; ATTACHMENTS; DECLARATION OF ANTHONY M. SOLIS IN SUPPORT |
| v. | |
| | [Fed. R. Crim. P. Rule 29] |
| LEONIDAS IRAHETA, | DATE: DEC. 7, 2012 |
| Defendant. | TIME: 10:00 a.m. PLACE: Courtroom 3 HON. DEAN D. PREGERSON |

Defendant LEONIDAS IRAHETA, by and through undersigned counsel, Anthony M. Solis, hereby replies to the government's opposition to the Motion for a Judgment of Acquittal on Count Two or, in the alternative, to strike the jury's special findings.

This foregoing Reply is based upon the attached Memorandum of Points and Authorities, the attached Declaration of Anthony M. Solis, the attachments hereto, and upon such further oral or documentary evidence as may be presented at any hearing on the Motion.

DATED: December 3, 2012
                                        ANTHONY M. SOLIS,
                                        A Professional Law Corporation

                                        ***ANTHONY M. SOLIS***

                                        _____
                                        BY: ANTHONY M. SOLIS
                                        Attorney for Defendant
                                        LEONIDAS IRAHETA

---

**L. IRAHETA'S REPLY RE MOTION FOR JUDGMENT OF ACQUITTAL, ETC.**

## MEMORANDUM OF POINTS AND AUTHORITIES

The government, in its Opposition to the Motions for Acquittal, paints with the same broad brush as was done with trial. It appears that the government is hopeful that the overwhelming evidence of the "conspiracy," plus Leonidas Iraheta's clearly proven membership in the CLCS **gang** will be sufficient to both connect Leonidas Iraheta to the **CLCS Drug Trafficking Organization** and the distract the Court from the fact that insufficient evidence was presented at trial that would substantiate the threshold quantities of drugs *as to this specific defendant*.[1]

### I.

### DEFENDANT LEONIDAS IRAHETA IS ENTITLED TO A JUDGMENT OF ACQUITTAL REGARDING THE NARCOTICS CONSPIRACY

As set forth in the original pleading by this defendant, it was argued that as to each individual government witness, no such witness placed Mr. Iraheta in the precise narcotics conspiracy that was pled and proven by the government at trial. It its opposition, the government re-characterizes the trial testimony that was actually presented with the government's own theory, which was not proven at trial. For example:

1. The government opposition provides:

> Guillen testified that Delaguila identified defendants Hernandez, V. Iraheta and L. Iraheta as among the group of CLCS Members **who ran the organization's drug-trafficking business on the streets**.

Govt Opposition, Footnote 4 (emphasis added).

This characterization of Mr. Guillen's testimony is, at best, revisionist. What Mr. Guillen actually said was that Frank Martinez (the Mexican Mafia member for whom he worked) told him that Eduardo Hernandez, V. Iraheta and L. Iraheta were on his "legal team." See **Exhibit A**, Testimony of Isaac Guillen, March 8, 2012 pp 178-182. This "legal team" was

---

[1] This defendant joins in the legal arguments of his co-defendant, Vladimir Iraheta, as set forth in his Reply brief concurrently filed herewith. As such, certain legal arguments will not be repeated here, such as the repeated conflation, by the government, of the CLCS gang with the CLCS Drug Trafficking Organization.

L. IRAHETA'S REPLY RE MOTION FOR JUDGMENT OF ACQUITTAL, ETC.

2

hardly defined but, at best, described that Martinez determined the three to be "trusted" by virtue of the fact that they were longstanding members of the CLCS gang. There was a vague reference to the three being trusted to "take care of business." but that too, was undefined. This, of course, is a far cry from "running" the drug operations on the street. With particular regard to Leonidas Iraheta, there is no testimony that supports this assertion as a general matter; there is no evidence that Leonidas "ran" the drug operations on the street.

   2. The government opposition provides:

> [L. Iraheta] was found in possession of a firearm "posting up" and selling narcotics on Burlington Street.

Govt Opp., footnote 18.

This is another complete editorialization by the government. This incident refers to the testimony of LAPD Officer J. Trejo, #34438. This officer testified as to an occasion on October 30, 2002 when at 412 S. Burlington Street, Los Angeles, he witnessed Leonidas Iraheta in possession of a firearm. Government's Exhibit # 513 reflects that Leonidas Iraheta pled no contest to Count 2, Carrying a Loaded Firearm, Not Registered, in violation of California Penal Code Section 12031(a)(1). *See* **Exhibit B**, Trial Exhibit 513. It should be noted from the Exhibit, that Mr. Iraheta was not even charged with any drug offense, nor was the gun charge *even alleged* to be for the benefit of a gang (which could have been charged pursuant to California Penal Code Section 186.22). Finally, Officer Trejo testified only that he seized a firearm from Mr. Iraheta. There was no other associated crime or criminal activity. There was no testimony about any "posting up" or any "selling narcotics on Burlington."[2] *See* **Exhibit C**, Testimony of LAPD Officer Trejo, April 6, 2012, p. 88-97. The association of Mr. Iraheta's gun possession conduct with the narcotics conspiracy is merely conjecture by the government. Even in the "light most favorable to the government" the October 30, 2002 Burlington Street event cannot be connected to the drug conspiracy with the evidence presented at trial.

---

[2]To be sure the Rule 29 analysis must come from the record set forth at trial, however, even the police report of this event is completely devoid of any comment about drug sales or "posting up" with regard to Leonidas Iraheta, though the report does mention that the reason the officer was patrolling the neighborhood was due to numerous [unspecified] complaints of 18th Street gang activity and narcotics sales. *See* Declaration of Anthony M. Solis.

None of the arguments set forth in the government's opposition establishes that it was proven at trial that Leonidas Iraheta participated in the narcotics conspiracy.

## II
## THE SPECIAL JURY VERDICT WAS NOT SUPPORTED BY THE EVIDENCE AT TRIAL

With regard to Leonidas Iraheta, the government produced no specific evidence that Mr. Iraheta transported, sold or purchased any narcotics in any particular quantity on any particular date, pursuant to any agreement with others. Mr. Iraheta is not heard on any wiretap evidence, nor was he seen in any surveillance. The government presented no narcotics related arrests or convictions.[3] The government did present various witnesses who testified vague references to Mr. Iraheta "helping" Eduardo Hernandez collect rent, but provided no specific testimony or evidence that Mr. Iraheta (1) knew that he was helping collect rent, or; (2) he knew the amounts being collected or what they were for.[4]

For example, LAPD Officer Pultz testified that he witnessed Mr. Iraheta in a car with Mr. Hernandez when Alexander "Demon" Serrano gave Hernandez what looked like money. The government artfully characterizes this activity as Demon giving Hernandez "rent" collections and Mr. Iraheta "helping" (by sitting in the car?).[5] However, there was no specific testimony at trial by Demon or by Pultz that would provide any basis as to conclude what the two were doing, whether it was illegal activity or if, for example, Mr. Hernandez was engaged in any criminal activity, whether Mr. Iraheta had any knowledge that he was riding in a car with

---

[3] LAPD Officer Stewart, #32415 that testified that he did a probation search of a residence where Mr. Iraheta was living on March 4, 2003. That testimony established that the officer found a small amount (3-4g) of crack cocaine and a pipe among other drug paraphernalia (money, baggies, a scale), but was never able to establish its owner or any connection to Mr. Iraheta. That officer provided no testimony that Mr. Iraheta was ever charged with such drugs and there was no drug conviction.

[4] One of these witnesses was James "Husky" Villalobos who testified that Leonidas Iraheta helped Hernandez "collect rent" but was unable to provide any specificity as to how Mr. Iraheta might have helped or what would have given rise to any knowledge sufficient to bring him within the conspiracy. Villalobos also testified that he was not present during this activity.

[5] This is referenced by the government in its footnote 13 of the Opposition.

L. IRAHETA'S REPLY RE MOTION FOR JUDGMENT OF ACQUITTAL, ETC.

4

a person who was engaging in criminal activity. Any conclusion based on the LAPD officer's testimony would require speculation the type of which the law abhors. The government speculates about the meaning of the activities, but clearly forgets that the trial testimony of Officer Pultz did not and could not support the government's theory about this transaction. It is mere speculation.

James Villalobos aka "Husky" did testify that Leonidas Iraheta collected "rent" at Wilshire Street before he, Villalobos did so there. However, the Court should note that this information came out for the first time *during* trial and was corroborated by no other witnesses, even those admitted conspirators who clearly would have known such information.

As such and as set forth in the underlying pleading, there was insufficient evidence presented at trial to support the jury's special findings as to specific drugs and quantities. As such, said findings much be stricken.

## CONCLUSION

Based upon the foregoing, Defendant Leonidas Iraheta respectfully requests that this Court enter a judgment of acquittal on Count Two, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and further to strike the special findings as to drug quantity in Counts One and Two.

DATED: December 3, 2012　　　　ANTHONY M. SOLIS,
　　　　　　　　　　　　　　　　A Professional Law Corporation

　　　　　　　　　　　　　　　　*ANTHONY M. SOLIS*
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　BY: ANTHONY M. SOLIS
　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　LEONIDAS IRAHETA

## **DECLARATION OF ANTHONY M. SOLIS**

Anthony M. Solis declares as follows:

1. I am an attorney at law licensed to practice in the State of California and this district court. I am counsel of record for Defendant Leonidas Iraheta. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify competently to such facts.

2. Attached hereto as Exhibit A is a true and correct copy of pages 178-182 of the March 8, 2012 testimony of Isaac Guillen.

3. Attached hereto as Exhibit B is a true and correct copy of Government's Trial Exhibit 513, a certified copy of the docket sheet in *People v. Leonidas Iraheta*; Case No. BA238450.

4. Attached hereto as Exhibit C is a true and correct copy of pages 88-97 of the April 6, 2012 testimony of LAPD Officer Trejo.

5. I have reviewed the all of the government produced discovery in this matter, including the arrest report leading to the conviction reflected in Government's Trial Exhibit 513. In that report, the only references to narcotics is that there were unspecified complaints of narcotics sales in the neighborhood. There were no references to any gang activity being associated with the possession of the gun, beyond the fact that the officers established that Mr. Iraheta was an 18th Street gang members from the tattoos on his body. In Exhibit 513, there are no references to gang allegations or similar enhancements.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of August, 2012 at Los Angeles, California.

*/s/ Anthony M. Solis*
_____
ANTHONY M. SOLIS