O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEONIDAS IRAHETA, JR., | ) | Case No. CV 21-08158 DDP |
| | ) | [CR 07-1172(26) DDP] |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT SENTENCE** |
| UNITED STATES OF AMERICA, | ) | **PURSUANT TO 28 U.S.C. § 2255** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Presently before the court is Defendant-Petitioner Leonidas Iraheta Jr. ("Petitioner")'s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Having considered the submissions of the parties and the arguments advanced therein, the court denies the motion and adopts the following Order.

**I.   Background**

In December 2011, Defendant was charged in a Fourth Superseding Indictment with one count of Racketeer Influenced and Corrupt Organizations ("RICO") Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); narcotics conspiracy, in violation of 21 U.S.C. § 846 (Count 2); and violent crime, specifically, murder, in aid of racketeering activity ("VICAR"), in violation of 18

U.S.C. § 1959 (Count 11). The facts of the case are recounted more fully in United States v. Perez, 962 F.3d 420, 430 (9th Cir. 2020). In short, Petitioner assisted and provided "muscle" for a mid-level leader of a street gang that, under the direction of the Mexican Mafia prison gang, controlled drug distribution, extortion, and other illegal activities in the MacArthur Park neighborhood of Los Angeles. After an approximately ten-week trial, a jury convicted Petitioner on Counts 1 and 2, but failed to return a verdict on Count 11, resulting in a mistrial as to that VICAR murder count. The jury also found that the RICO and drug conspiracies involved at least 280 grams of crack cocaine.

At sentencing, the court conservatively determined that the drug conspiracy of which Petitioner was a part was responsible for over 25.2 kilograms of crack cocaine, resulting in a base offense level of 38. The court applied additional enhancements, including a firearm enhancement and threat of violence enhancement, sought by the government. The court's sentencing guidelines calculation yielded a total offense level of 42, with a corresponding advisory guidelines range at criminal history category IV of 360 months' imprisonment to life. The court imposed a sentence of life.

Petitioner, along with several co-defendants, appealed his conviction and sentence. Perez, 962 F.3d at 430, 444. The Ninth Circuit affirmed. Id. Petitioner then filed the instant § 2255 motion, pro se.[1]

///

---

[1] Although this Court granted Petitioner two extensions of time to file a Reply in support of his motion, Petitioner has not filed a Reply. (Dkt. 11, 12.)

2

**II.  Legal Standard**

Section 2255 allows federal prisoners to file motions to vacate, set aside, or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255.  The Supreme Court has cautioned, however, "that § 2255 may not be used as a chance at a second appeal."  United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010) (citing United States v. Addonizio, 442 U.S. 178, 184 (1979)); see also Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotation marks omitted)); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) ("Section 2255 [] is not designed to provide criminal defendants multiple opportunities to challenge their sentence."). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error."  Johnson, 988 F.2d at 945; United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003).

**III. Discussion**

Petitioner argues that (a) the evidence was insufficient to convict him of the Count 2 drug conspiracy, (b) this Court improperly applied firearm and violence enhancements at sentencing, (c) this Court erroneously considered conduct not directly attributable to Petitioner and related to the Count 11 VICAR murder

charge, (d) this Court erroneously failed to declare a mistrial as to RICO conspiracy, and (e) trial and appellate counsel provided ineffective assistance by failing to raise these issues.[2] (Motion at 3, 8, 15, 23, 26.).

With the exception of Petitioner's ineffective counsel claim, these claims are not cognizable on a §2255 motion because they were, or could have been, raised on direct appeal. Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) (per curiam) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion."); Johnson, 988 F.2d at 945 (9th Cir. 1993).  The Ninth Circuit, for example, rejected Petitioner's sufficiency of the evidence claim, explaining that "[w]itnes after witness identified [Petitioner] as a core member of [the gang] — one who sold drugs, protected [gang] territory with violence, and helped to run its business operations." Perez, at 445.  Indeed, the court concluded

---

[2] As an initial matter, Petitioner's motion is untimely.  "A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the date on which the judgment of conviction becomes final." Clay v. United States, 537 U.S. 522, 524 (2003) (internal quotation marks omitted).  "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Id. at 532.  Petitioner appears to acknowledge that he filed his motion outside the one-year limitations period (Mot. at 3), yet makes no argument for, or that could be construed as warranting, equitable tolling, aside from a brief addendum to his motion indicating that, at the time of filing, Petitioner was "on lockdown," and therefore could not "make the certificate that goes with my 2255." See United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011).  Although untimeliness alone is fatal to Petitioner's motion, the court proceeds to discuss other infirmities in Petitioner's claims.

that evidence of a "pervasive regime of crack dealing" "was truly overwhelming." Id. at 445.  Similarly, with respect to the sentencing enhancements, the court explained that there was ample evidence that Petitioner possessed multiple firearms that may have been used to further the aims of the gang. Id. at 450.  Because, the court concluded, that and other evidence established that Petitioner "credibly threatened violence," the threat enhancement was also appropriate. Id. at 451.  The Ninth Circuit also determined that this Court properly considered the facts of the VICAR murder in the context of the 28 U.S.C. § 3553(a) sentencing factors, and that Petitioner's sentence was not substantively unreasonable. Id. at 455.  Claims (a) through (c) are, therefore, barred.

As to Petitioner's RICO conspiracy claim, Petitioner argues that the court should have declared a mistrial as to Count 1 because the jury hung on count 11, and therefore did not find at least two requisite predicate racketeering acts.  As an initial matter, this argument is also barred, as Petitioner does not explain why it could not have been raised on direct appeal. See Johnson, 988 F.2d at 945; Ratigan, 351 F.3d at 962 (9th Cir. 2003). Moreover, this argument appears to be premised on a misunderstanding of the elements of a RICO claim.  The substantive RICO statute proscribes participation "in the conduct of [an] enterprise's affairs through a pattern of racketeering activity."[3] 18 U.S.C. § 1962(c).  A "'pattern of racketeering activity'

---

[3] Petitioner was convicted of racketeering conspiracy pursuant to 18 U.S.C. § 1862(2), which provides, " It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

5

requires at least two acts of racketeering activity." 18 U.S.C.A. § 1961(5). The government presented extensive evidence of numerous racketeering acts, including drug trafficking, extortion, robbery, witness intimidation, and money laundering, and the court gave specific jury instructions on these acts. The court also instructed the jury that Count 1 required the government to prove a pattern of racketeering activity consisting of at least two acts of racketeering. Although Petitioner is correct that the jury did not convict him of VICAR murder on Count 11, that fact is of no moment, as a defendant need not personally commit, let alone be charged with, two predicate racketeering acts to be guilty of a RICO conspiracy offense under 18 U.S.C. § 1962(d). See Salinas v. United States, 522 U.S. 52, 65 (1997); United States v. Jaimez, 45 F.4th 1118, 1130 (9th Cir. 2022).

Unlike Petitioner's other claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). To show ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced as a result, such that there is a "reasonable probability that . . . the result of the proceeding would have been different" if counsel had rendered effective assistance. Strickland v. Washington, 466 U.S. 668, 686-700 (1984). There is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." Id. at 689.

6

Plaintiff contends that both trial and appellate counsel "provided ineffective assistance of counsel when both failed to challenge the above issues."[4] (Mot. at 25.) As discussed above, however, the theories put forth by Petitioner all lacked merit.[5] Counsel's decisions not to advance those arguments were not, therefore, objectively unreasonable, and Petitioner was not prejudiced by those decisions.

///
///
///
///
///
///
///
///

---

[4] Strickland applies equally to appellate counsel. See Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). As with a claim of ineffective assistance of trial counsel, a defendant claiming ineffective assistance of appellate counsel bears the burden to "show that appellate counsel's representation fell below an objective standard of reasonableness, and that, but for counsel's errors, a reasonable probability exists that he would have prevailed on appeal." Hurles v. Ryan, 752 F.3d 768, 785 (9th Cir. 2014).

[5] Petitioner makes a passing reference within his sufficiency of the evidence claim to a constructive amendment of the indictment. (Mot. at 5.) To the extent this argument is premised on arguments raised by the government at sentencing, it is misplaced. A constructive amendment occurs when either "(1) [the] complex of facts presented at trial [is] distinctly different from those set forth in the charging instrument," or (2) "where the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." United States v. Singh, 995 F.3d 1069, 1078-79 (9th Cir. 2021) (internal quotation marks omitted); see also Stirone v. United States, 361 U.S. 212, 217 (1960); United States v. Ward, 747 F.3d 1184, 1186 (9th Cir. 2014). Arguments made by the government at sentencing, after the return of the jury's verdict, could not possibly have had this effect.

**IV.  Conclusion**

For the reasons stated above, Petitioner's § 2255 motion is DENIED.  Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, his request for a certificate of appealability is denied.  <u>See</u> 28 U.S.C. § 2255(c)(2).

IT IS SO ORDERED.

Dated: May 22, 2025

DEAN D. PREGERSON
United States District Judge

8